FILED by KAN D.C.

Oct 13, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-60263-CR-SINGHAL/STRAUSS**

**18 U.S.C. § 371**
**18 U.S.C. § 981(a)(1)(C)**

**UNITED STATES OF AMERICA**

**v.**

**ANDREI BARSUKOV,**

**Defendant.**
_________________________________/

**INFORMATION**

The United States Attorney charges that:

1. Defendant **ANDREI BARSUKOV** was a resident of Broward County in the Southern District of Florida.

2. Cryptocurrency is a decentralized digital currency that can be bought, sold, or exchanged directly without an intermediary bank.

3. Under federal law, "money transmitting" includes transferring funds on behalf of the public "by any and all means."

4. Pursuant to Title 18, United States Code, Section 1960(b)(1)(A), money transmitting businesses which affect interstate or foreign commerce in any manner or degree must possess an appropriate money transmitting license from the State in which they operate.

5. Money transmitters in the State of Florida are required to register under Florida law, and operating a money transmitting business without authorization is punishable as a felony under Florida law.

6. At no time relevant to this Indictment did the defendant or any co-conspirators

register with the State of Florida or obtain a license from the State of Florida to operate a money transmitting business.

**Conspiracy to Operate an Unlicensed Money Transmitting Business**
**(18 U.S.C. § 371)**

7. From in or around April 2025, and continuing through in or around October 2025, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANDREI BARSUKOV**,

did knowingly and willfully conspire, combine, confederate and agree with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), and which was operated without an appropriate money transmitting license in a state, that is, Florida, where such operation was punishable as a felony, in violation of Title 18, United States Code, Sections 1960(a) and (b)(1)(A).

**PURPOSE OF THE CONSPIRACY**

8. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by offering to the public an unlicensed money transmitting business that converted U.S. currency into cryptocurrency and cryptocurrency into U.S. currency, all for a percentage fee of the funds converted.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose and object of the conspiracy, included, among other things, the following:

9. Using encrypted, online messaging platforms, co-conspirators of **ANDREI BARSUKOV** arranged with the customers, for a percentage fee, to convert cryptocurrency into U.S. currency and U.S. currency into cryptocurrency.

10. Co-conspirators of **ANDREI BARSUKOV** instructed customers which digital wallets to pay when seeking to convert cryptocurrency into U.S. currency.

11. **ANDREI BARSUKOV** and other couriers in the conspiracy met with customers, often within parked vehicles in public parking lots, and delivered or picked-up the U.S. currency.

## OVERT ACTS

In furtherance of the conspiracy and in order to achieve its objectives, at least one of the conspirators committed at least one of the following overt acts in the Southern District of Florida:

1. On or about April 16, 2025, **ANDREI BARSUKOV** drove to a parking lot in Hallandale Beach, Florida, in the Southern District of Florida, to deliver U.S. currency to one or more customers in exchange for cryptocurrency.

2. On or about June 10, 2025, **ANDREI BARSUKOV** drove to a parking lot in Hallandale Beach, Florida, in the Southern District of Florida, to deliver U.S. currency to one or more customers in exchange for cryptocurrency.

3. On or about June 11, 2025, **ANDREI BARSUKOV** drove to a parking lot in Hallandale Beach, Florida, in the Southern District of Florida, to deliver U.S. currency to one or more customers in exchange for cryptocurrency.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ANDREI BARSUKOV**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

MARGARET A. MOESER, CHIEF
U.S. DEPARTMENT OF JUSTICE
MONEY LAUNDERING, NARCOTICS AND FORFEITURE SECTION

EMILY R. COHEN
KAYCEE M. SULLIVAN
TRIAL ATTORNEYS
MONEY LAUNDERING, NARCOTICS AND FORFEITURE SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 26-60263-CR-SINGHAL/STRAUSS

v.

ANDREI BARSUKOV,

Defendant. /

## CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami ☐ Key West ☐ FTP
☑ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Russia n
4. This case will take 0 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I ☑ 0 to 5 days
   II ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ______________ Case No. ______________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ______________ Magistrate Case No. ______________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ______________ Case No. ______________
9. Defendant(s) in federal custody as of ______________
10. Defendant(s) in state custody as of ______________
11. Rule 20 from the __________ District of ______________
12. Is this a potential death penalty case? (Yes or No) No
13. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
14. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

By: ______________
Eli S. Rubin
Assistant United States Attorney
District Court No. A5503535

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: ANDREI BARSUKOV

**Case No**:

Count #: 1

Conspiracy to Operate an Unlicensed Money Transmitting Business

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
ANDREI BARSUKOV,
*Defendant*

Case No. **26-60263-CR-SINGHAL/STRAUSS**

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: ________________

________________________________
*Defendant's signature*

________________________________
*Signature of defendant's attorney*

Bruce Prober, Esq.
*Printed name of defendant's attorneys*

________________________________
*Judge's signature*

________________________________
*Judge's printed name and title*